UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:   10/8/2007

ASIRUS MA'AT EL/CARL MARTIN (Void),

                    Plaintiff,

          - against -

BRONX CRIMINAL COURT, et al.,

                    Defendants.

07 Civ. 2680 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, pro se, seeks an order to show cause for a preliminary injunction and a temporary restraining order enjoining the defendants from prosecuting the plaintiff in the Bronx Criminal Court.

In order to obtain injunctive relief, the plaintiff must show the following:

> (1) that [he] will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in [his] favor.

MONY Group, Inc. v. Highfields Capital Management, L.P., 368 F.3d 138, 143 (2d Cir. 2004); Tom Doherty Assoc., Inc. v. Saban Entm't, Inc., 60 F.3d 27, 33-34 (2d Cir. 1995); see also Gardner v. Weisman, No. 06 Civ. 5998 (WHP), 2006 WL 2423376, at *1 (S.D.N.Y. Aug. 21, 2006) (reciting these same requirements for obtaining a temporary restraining order).

1

Additionally, federal courts cannot intervene in ongoing
criminal proceedings except in the most extraordinary
circumstances and upon a clear showing of both great and
immediate harm.  See Younger v. Harris, 401 U.S. 37, 45 (1971);
see also Hicks v. Miranda, 422 U.S. 332, 349 (1975).  In Younger
v. Harris, the Supreme Court restated the principle that "a
federal court may not enjoin a pending state criminal proceeding
in the absence of special circumstances suggesting bad faith,
harassment or irreparable injury that is both serious and
immediate."  Gibson v. Berryhill, 411 U.S. 564, 573-74 (1973).
The "cost, anxiety, and inconvenience of having to defend
against a single criminal prosecution" does not constitute the
necessary type of irreparable injury.  Huffman v. Pursue, Ltd.,
420 U.S. 592, 601-02 (1975) (internal quotation marks omitted);
see also Schlagler v. Phillips, 166 F.3d 439, 442 (2d Cir. 1999)
("a federal lawsuit to stop a prosecution in a state court is a
serious matter... the normal thing to do when federal courts are
asked to enjoin pending proceedings in state courts is not to
issue such injunctions") (quoting Younger, 401 U.S. at 42, 45).
Therefore, when "1) there is an ongoing state court proceeding;
2) an important state interest is implicated; and 3) the
plaintiff has an avenue open for review of constitutional claims
in the state court," Younger abstention is the proper course.

Hansel v. Town Court for Town of Springfield, N.Y., 56 F.3d 391,
393 (2d Cir. 1995).

The plaintiff's request for a temporary restraining order
and a preliminary injunction must be denied.  The plaintiff's
allegations fail to establish any of the necessary requirements
for preliminary injunctive relief.  Specifically, the plaintiff
fails to allege any irreparable injury apart from his anxieties
relating to the pending criminal prosecution.  The plaintiff
also fails to allege or establish a likelihood of success on the
merits or sufficiently serious questions going to the merits of
the case, or that the balance of hardships tips decidedly in his
favor.

Moreover, applying Younger, the Court will not interfere
with the pending state court criminal prosecution.  The
plaintiff's allegations fail to make a clear showing of great
and immediate harm.  The plaintiff also has not alleged how
protection from alleged unconstitutional action by state
prosecutors or judges is not available by motion within the
framework of his state criminal proceeding.  Because the
plaintiff has failed to make the requisite showing of
extraordinary or special circumstances and unavailability of a
remedy within his state proceedings as set forth in Younger, the

Court will not enjoin the ongoing state court criminal proceedings.  See Younger, 401 U.S. at 54.[1]

The foregoing represents the Court's findings of facts and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.  For all of these reasons, the plaintiff's request for a temporary restraining order and a preliminary injunction are **denied**.

Finally, if the plaintiff has not already, the plaintiff should prepare the materials in the service package, which the Pro Se Office sent him on April 11, 2007, and mail those materials to the United States Marshals Office, as directed, for service of the summons and complaint.

**SO ORDERED.**

Dated:    New York, New York
          April 19, 2007

                                                John G. Koeltl
                                          United States District Judge

---

[1] The plaintiff's application for preliminary relief also contains a postscript request that, as a Moorish American, he "be addressed, in the proper jurisdiction."  However, regardless of the plaintiff's nationality or religion, he is subject to the laws of the jurisdictions in which he resides.  Cf. Employment Div., Dep't of Human Res. v. Smith, 494 U.S. 872, 879 (1990)("[T]he right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)." (internal quotation marks omitted)); see also, e.g., Bey v. City of New York Dep't of Corrections, No. 97 Civ. 4866, 1997 WL 576090, at * 2 (S.D.N.Y. Sept. 17, 1997) (being a Moorish American bears no weight on the obligation to pay taxes), aff'd, 164 F.3d 617 (2d Cir. 1998).

4

Mailed to plaintiff:

**Asirus Ma'at El, Pro Se**
97-15 Horace Harding Expressway
#5J
Rego Park, NY 11368